CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 28, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE ANDERSON,        )<br>    Petitioner,        ) | Civil Action No. 7:24-cv-00914 |
| v.                           ) | **MEMORANDUM OPINION & ORDER** |
|                              ) | By: C. Kailani Memmer |
| CHADWICK DOTSON,             ) |     United States Magistrate Judge |
|    Respondent.               ) | |

David Wayne Anderson, a Virginia inmate proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2254. Habeas Pet., ECF No. 1. The parties consented to the undersigned exercising jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 14. The respondent filed a motion to dismiss, ECF No. 17, and the petitioner responded to the motion, ECF No. 22. For the reasons stated below, I find that the petition filed by Anderson is an unauthorized successive petition. As a result, this matter will be dismissed for lack of jurisdiction.

I.  BACKGROUND

Anderson was convicted by a jury in Washington County, Virginia, of possession of child pornography and thirty counts of possession of child pornography, second offense. ECF No. 18 at 1; Case No. 7:22-cv-272 (W.D. Va.), ECF No. 27 at 8. Anderson was sentenced to five years for the first offense and eight years for each subsequent offense. ECF No. 18 at 1. The trial court imposed the sentences fixed by the jury and sentenced Anderson to a total of 245 years in prison, with 40 years suspended. ECF No. 18 at 1; Case No. 7:22-cv-272 (W.D.Va.), ECF No. 27 at 9. Final judgment was entered on April 28, 2020. ECF No. 18 at 1, citing Case Nos. CR18-989 through 1026 (Wash. Cnty. Cir. Court).

Anderson proceeded on direct appeal to the Court of Appeals of Virginia and to the Supreme Court of Virginia, where his appeals were denied. ECF No. 18 at 1, citing Record Nos.

0644-20-3, 210228; Case No. 7:22-cv-272 (W.D. Va.), ECF No. 27 at 9–12. Anderson also filed several petitions for a writ of habeas corpus and other types of writs and motions in state court. *See* Case No. 7:22-cv-272 (W.D. Va.), ECF No. 27 at 12–15. None of these actions were successful. *See id.*

In federal court, Anderson has filed three 28 U.S.C. § 2254 petitions prior to filing the petition that is now before the court. *See id.* at 15–18. The first two actions were dismissed for lack of exhaustion. *See* Case Nos. 7:20-cv-574, 7:21-cv-163 (W.D. Va.). The third action was dismissed on the merits on September 30, 2023. Case No. 7:22-cv-272 (W.D. Va.) In that action, Anderson raised thirteen grounds for relief.[1] The court dismissed Claims A, B, D, and H, I, K, L, and M "because they are procedurally defaulted on adequate and independent state law grounds, and Anderson has not established an exception that would allow this Court to review those defaulted claims on the merits." Case No. 7:22-cv-272, ECF No. 27 at 44. The remaining claims were denied "because the state-court decisions rejecting those federal claims on the merits were based on objectively reasonable factual determinations considering the evidence presented in state court, and were neither contrary to, nor involved an unreasonable application of the

---

[1] The claims were: (A) the trial court's denial of Anderson's "motion to change counsel" violated his "right to counsel replacement for adequate representation;" (B) the trial court denied Anderson's motion for continuance; (C) that he received ineffective assistance of counsel where counsel did not utilize a computer expert; (D) that he received ineffective assistance of counsel where counsel failed to adequately cross-examine a witness, Amanda Miller; (E) that he received ineffective assistance of counsel where counsel failed to subpoena witnesses; (F) that he received ineffective assistance of counsel where counsel failed to enter Anderson's work schedule into evidence; (G) that the evidence demonstrated Anderson lacked knowledge of contraband on the device and viewed legal pornography; (H) that he received ineffective assistance of counsel where counsel failed to adequately investigate; (I) that he received ineffective assistance of counsel where counsel was unprofessional and making jokes during trial; (J) that he received ineffective assistance of counsel where counsel failed to provide his file to Anderson; (K) that he received ineffective assistance of counsel where counsel failed to seek a writ of certiorari from the United States Supreme Court; (L) that he received ineffective assistance of counsel where counsel violated the rules of professional conduct; and (M) that there was insufficient evidence to support his convictions. *Anderson v. Clarke*, Case No. 7:22-cv-272 (W.D. Va.), ECF No. 27 at 15–18.

constitutional standards enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979) (Claim G), or *Strickland v. Washington*, 466 U.S. 668 (1984) (Claims C, E, F & J)." *Id.* at 44–45.

## II.  ANALYSIS

An individual cannot file a second or successive § 2254 petition for a writ of habeas corpus without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  This "gatekeeping" mechanism created by the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that the "prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. §§ 2244(b)(3)(B), (C), (D)).

This action qualifies as a second or successive § 2254 action because a previous § 2254 action filed in this court, pertaining to the same convictions for which Anderson is serving his sentence, was decided on the merits. *Rivera v. Warden Broad River Corr. Inst.*, C/A No. 8:19-cv-3126-JMC-JDA, 2019 WL 9463867, at *3 (D.S.C. Nov. 15, 2019). To be considered "successive," the second or subsequent petition must be an attack on the same conviction or convictions attacked in the first petition, and the initial petition must have been adjudicated on the merits. *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). Here, the petition in Case No. 7:22-cv-272 was dismissed on the merits, making the present petition, which attacks the same convictions, successive for purposes of § 2244(b). While some of petitioner's claims were found to be procedurally defaulted, "dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v.*

3

*Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). Because Anderson has neither sought nor obtained authorization to file this successive § 2254 petition from the United States Court of Appeals for the Fourth Circuit, the court lacks jurisdiction over this matter. *See Makdessi v. Watson*, 848 F. App'x 548, 548 (4th Cir. 2021) (noting jurisdictional bar to consideration of second or successive § 2254 petition where petitioner did not seek prior authorization from the court of appeals).

Finally, the court may exercise its authority under 16 U.S.C. § 1631,[2] recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to the court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts have discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* A district court can dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013).

The court of appeals may authorize the filing of a second or successive application "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection," § 2244(b)(3)(C), which are as follows:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

---

[2] 28 U.S.C. § 1631 provides that when "a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ."

4

> and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(3)(A). The court has reviewed the petition and none of the claims outlined by Anderson are based on a new rule of law made retroactive by the United States Supreme Court or predicated on facts that could not have been discovered with due diligence. Petitioner advances an actual innocence claim and contends that this satisfies the standard for allowing a successive petition because it is "based on exculpatory evidence discovered through due diligence of trial transcripts, evidence submitted, appeal filings, juror instructions, and prosecutions testimony," ECF No. 22 at 4, but this is all evidence that would have been readily available to Anderson during and after trial. As it appears to the court that petitioner could not satisfy the standard required to obtain authorization for a successive petition, the court declines to transfer this matter to the court of appeals.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that respondent's motion to dismiss, ECF No. 17, is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Finding that petitioner has not made a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c)(2), the court DECLINES to issue a certificate of appealability.

The Clerk is directed to STRIKE this matter from the active docket of the court and to transmit a copy of this order to petitioner and to all counsel of record.

ENTER: August 28, 2025

C. Kailani Memmer
United States Magistrate Judge